## ARKANSAS FUEL OIL CO. v. FLENNIKEN CONST. CO.

### No. 5941.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 7, 1940.

80

Lewell C. Butler, of Shreveport, for appellant.

George Conger, of Shreveport, for appellee.

HAMITER, Judge.

While operating a filling station in the Agurs section of the City of Shreveport from July 8, 1936 to February 15, 1938, A. J. Lummus sold to the Flenniken Construction Company, on terms of credit, large quantities of gasoline, oil and grease. He handled the products of the Arkansas Fuel Oil Company, and to it all credit accounts were assigned. Certain duly authorized employees of the construction company, including a colored man named Sam Dyes whose term of employment covered a period of more than seventeen years, made such purchases.

All charges entered by Lummus against said purchaser were paid, save and except some occurring during the months of November and December, 1937. Receipt of the merchandise affected by the excepted group was disputed by the said Flenniken Construction Company, and it refused to make payment therefor; whereupon Lummus assigned the claim, totaling the sum of $125.-

27, to the Arkansas Fuel Oil Company, and this suit to recover judgment for that amount followed.

Defendant in its answer denies that the products described in the itemized statement annexed to the petition were sold and delivered to it and further denies any indebtedness to plaintiff.

Trial of the case resulted in a judgment in plaintiff's favor for $91.93.

The appeal to this court, which was perfected by defendant, has been answered by plaintiff. It prays for an increase in the judgment to the amount of the original demand.

Lummus, who discontinued the operation of the filling station prior to the trial of the case, appeared as a witness for plaintiff. When presented with 36 separate charge tickets or invoices describing the disputed purchases, each of which bore the signature "Sam Dyes" affixed with pencil in a printed manner under the notation, "Merchandise received in good order", he stated that the products were delivered to Sam Dyes and that he recognized the signatures on the tickets as being those of defendant's said employee. It is his further testimony that he personally handled most of such sales and that nearly all of the mentioned signatures were made in his presence. The merchandise was placed either in the truck which Dyes operated or in the latter's private automobile that was often used in transporting fellow employees. The practice with reference to the automobile had been followed for a number of months at Dyes' request and without objection from defendant.

Plaintiff's credit manager produced in court numerous other invoices covering purchases from Lummus that were made for defendant by Dyes during several previous months. These carried the printed signature of Dyes, and, according to the witness, had been paid without any question or dispute.

Dyes, as a witness in defendant's behalf, was handed the aforementioned 36 disputed charge tickets, and was requested to mark those that he did not sign. He marked 27 of them. As to the remaining 9, he said, "I really believe I signed them that I did not make a cross on." Other charge tickets bearing his name and describing merchandise for which payment had been made were presented to him with a similar request. He marked many of these, thus indicating

that they did not contain his genuine signature.

Defendant's office manager and secretary-treasurer testified that Sam Dyes has been authorized for a period of at least ten years to make charges to defendant. The signatures appearing on the disputed charge tickets were those of Sam Dyes as far as he could tell. However, he estimated that the gasoline charged on the paid and unpaid invoices for November and December, 1937, was sufficient to propel a truck 180 miles per day, and he believed it was impossible for the truck in question to use that amount of fuel. The base of operations of this vehicle, he stated, was at Vivian, Louisiana, and it was usually employed in paving operations between that town and Lewis, Louisiana, during the daytime of the aforementioned months, and traveled about 100 miles each day. It was never out of use and made trips to Shreveport approximately three times each week. He knew nothing about its employment, if any, during the nights. It was further testified by this witness that the authority given to Sam Dyes to charge gasoline was limited to the use of the truck.

 The evidence adduced by plaintiff, particularly the testimony of Lummus and the signed charge tickets bearing the name of Sam Dyes, satisfactorily established a prima facie case; and plaintiff is entitled to judgment for the full amount demanded unless such case has been successfully rebutted by the defense proof.

Counsel for defendant suggests the perpetration of forgery of the signature of Sam Dyes on some of the described invoices. In his brief we notice, "Mr. Lummus, undoubtedly, attempted to imitate Dyes' signature on a number of the tickets filed in evidence." The proof, in our opinion, does not justify a finding of that character. No material differences between the admittedly genuine signatures and the questioned ones are apparent to us, and defendant's office manager and secretary-treasurer observed none. The testimony of the employee Dyes is not sufficient to convict Lummus of the suggested crime.

The opinion expressed regarding the impossibility of the truck's using the claimed quantity of fuel lends no appreciable weight to Dyes' denial of his signature. It was based on no proven facts, and the possible use of the truck at night was not taken into consideration.

Attention is called to the fact that the dealer relationship that existed between Lummus and plaintiff was discontinued shortly after the herein mentioned dispute arose. This is of no importance here. The discontinuance, according to the evidence, occurred because of the failure of Lummus to handle his records in the routine manner required by plaintiff, and not by reason of any dereliction or dishonesty in selling merchandise to Sam Dyes for defendant.

It is true that no express authority was granted to Dyes for charging to defendant the fuel placed in his private car in which fellow employees were often transported. Purchases of this kind, however, had been contracted during a long period of time and payment therefor made without objection.

The record suggests no reason for the reduction in plaintiff's claim that the trial court allowed, and neither of the counsel could explain such allowance. Recognition must therefore be given to plaintiff's answer to the appeal.

Accordingly, the judgment is amended by increasing the principal amount thereof to $125.27, and as thus amended it is affirmed. Costs of both courts shall be paid by defendant.